### HENRY LITTLE vs. HAZZARD & PRETTYMAN.

A co-partner cannot bind the firm by deed, without express authority by deed.

But if one execute a paper in the presence of his partner, with his assent, it may bind as the act of both.

A joint party may be called as a witness.

ASSUMPSIT for goods sold, &c. Special count on a note under seal, date April 1, 1839, for $308, with interest.

Hazzard & Prettyman were partners in trade, and bought certain goods of S. & M. Cannon, for which they gave their note, signed by Prettyman, for the firm; with Henry Little as surety. Little had the note to pay, and brought this action to recover back from his principals.

The note was signed by Prettyman, in the name of Hazzard & Prettyman, in the presence of Hazzard; and by H. Little. R. Hazzard knew of its assignment to a third party, whom he advised to accept it, saying that the note was good, as it had his name to it.

This was objected to by *Mr. Layton.*

*Mr. Cullen.*—Our object is to show a direct recognition of the note by R. Hazzard; which we shall hold to be equal to his having signed it.

*The Court* admitted the evidence, and *Mr. Layton* excepted.

*Mr. Cullen* called Prettyman, one of the defendants; and, with his consent, offered to examine him as a witness.

*Mr. Layton* objected that Prettyman was an insolvent partner, called to charge the other partner, who alone was solvent; and that in favor of a father-in-law of the defendant called.

*Mr. Cullen.*—The rule is universal, that a party may be called to testify in a cause, if the party calling him will risk his evidence. Any joint party may be called. (1 *Taunt. Rep.*, 377.) Any declaration of Prettyman may be given in evidence against Hazzard. (20 *Com. Law Rep.*, 177; 7 *Bing.*, 379; 3 *Harr. Rep.*, 393.)

*Mr. Layton* replied, that Prettyman, by swearing so as to charge Hazzard, indirectly testified *for* himself; at least so as to throw half the burden on another. He cannot be a witness, without the consent of his co-defendant. (1 *Phil. Ev.*, 62-3; 3 *Greenl. Ev.*, § 326; *Rosc. Civ. Ev.*, 89.)

*The Court* admitted him as a witness, not to prove the existence of the partnership; but, that being proved, to prove any thing in which his declarations could bind the partnership.

Excepted to.

A. W. Prettyman sworn.—These goods were bought by Hazzard and myself, for the firm of Hazzard & Prettyman.

Question.—Was you authorized to sign this note in the partnership name, and was it signed by you in Hazzard's presence?

Objected to.

*Mr. Cullen* cited *Story Part.*, 173. A deed signed by one partner, in the presence of the other, binds both. So a subsequent ratification. (*Colly. Part.*, 418, *n.* 1, 420; 11 *Pick. Rep.*, 400.) A partner can bind the co-partners by deed executed in the partnership name, with the consent or ratification of the others, and such consent, &c., may be proved by parol. (1 *Hall's Rep.*, 262; 5 *Cranch*, 289; 19 *Johns.*, 513; 3 *Kent's Com.*, 47; 1 *Esp. Rep.*, 3 *Ib.*, 228; 4 *T. R.*, 313.) Such authority to sign even a warrant of attorney to confess judgment, will authorize the entry of judgment against all the partners. (*Coll. Part.*, 423; 18 *Com. Law Rep.*, 209; 1 *Ibid*, 103.)

*Mr. Layton* cited 7 *Term Rep.*, 207; 10 *East Rep.*, 418-19; 2 *Harr. Rep.*, 147-8; 2 *Ibid*, 24, 6; 4 *Ibid*, 428; *Cary Part.*, 50; 5 *Law Lib.*, 20. A subsequent acknowledgment of an authority given by one partner to another, to sign a deed, will not bind him, unless the authority be by deed.

*By the Court.*—We adhere to the decisions of this court, that one partner cannot bind his co-partners by deed, unless expressly authorized by deed; that is, by the articles of co-partnership, or other deed; and that a subsequent recognition by parol of the authority,

will not establish the authority. But on a different principle than the mere authority of one partner to bind another by his acts, if a deed be executed by one in the presence and by the express assent of the other, the deed binds both, as the act of both partners. (7 *Term Rep.*, 313.)                                       Excepted to.

*Mr. Layton* moved a nonsuit.—1. It had not been proved that Henry Little became a surety of the firm, at the request of the partners. This was necessary to give him a remedy over against them. (*Ros. Civ. Ev.*, 226 ; 40 *Law Lib.*, 7, [232] 154; *Pitman on Surety;* 3 *Stark. Ev.*, 1383.)

2. It had not been proved that he paid the money at their request. (*Rosc. Civ. Ev.*, 226 ; 3 *Stark. Ev.*, 1384.)

3. No request was made by Little on the defendants for repayment before suit brought. (*Pitm. P. & S.*, 232; 3 *Stark. Ev.*, 1383 ; 1 *Saund. Rep.*, 32.) And this was one of the cases in which an actual request must be proved.

*Cullen.*—A surety is not bound to prove that he became such on request. The fact that he signed the instrument with the others, as their surety, is sufficient evidence of their request. The law presumes this. (*Addison on Cont.*, 445 ; 1 *Leigh N. P.*, 74, 8 *Mees. & Welsby*, 537-8 ; 6 *Ibid*, 153 ; 13 *Johns. Rep.*, 58.) This note was under seal, signed by Hazzard & Prettyman and Henry Little, payable on the 4th of July then next. The signing it with the knowledge of the principals, is evidence of their request, and the nonpayment by them when the note fell due, was a mandate to the surety to pay ; and excuses any request.

*The Court* refused the nonsuit, and the plaintiff had a verdict.

*Cullen*, for plaintiff.

*Layton*, for defendant.